FILED

FEB 05 2014

U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**UNITED STATES OF AMERICA,**
  **Plaintiff,**

v.                                                              **Criminal Action No. 2:13-cr-48**

**RONALD SNYDER,**
  **Defendant.**

## REPORT AND RECOMMENDATION

On the 4th day of February, 2014, came the Defendant, Ronald Snyder, in person and by counsel, Charles T. Berry, and also came the Government by its Assistant United States Attorney, Shawn Morgan, for hearing on Defendant's Motion to Dismiss the Indictment, filed on January 20, 2014 (Docket No. 17). The Government filed its response to Defendant's motion on January 29, 2014 (Docket No. 22). Defendant, by counsel, and the United States represented the matters at issue are purely legal and no evidence is necessary.

## I.   PROCEDURAL HISTORY

On December 17, 2013, a Grand Jury sitting in the Northern District of West Virginia returned an Indictment against Defendant, charging him with failure to update his sex offender registration, in violation of 18 U.S.C. § 2250(a). That Indictment reads as follows:

> From a date unknown on or about September 1, 2013, to on or about November 26, 2013, at or near Buckhannon, Upshur County, West Virginia, within the Northern District of West Virginia and elsewhere, defendant, **RONALD SNYDER a/k/a "Ronald McCarty"**, a person required to register under the Sex Offender Registration and Notification Act, and who traveled in interstate commerce, did knowingly fail to update a registration[.]

(Docket No. 1.) Defendant was arraigned on December 31, 2013. Trial is set for March 4, 2014.

## II. CONTENTS OF THE PARTIES

### A. *Defendant's Motion and Memorandum in Support*

In support of his motion to dismiss, Defendant first asserts that venue is not proper in the Northern District of West Virginia based upon his arrest on the instant offense in North Carolina. (Docket No. 8 at 1-2.) Specifically, Defendant argues that assuming that he did leave West Virginia on or about September 1, 2013, a violation of West Virginia law would have already occurred at the time he would have left West Virginia. He states that because sex offenders in West Virginia must register within ten days prior to a change of address, any violation would have occurred prior to him traveling in interstate commerce. (Id. at 2-3.) Defendant also argues that it was impossible for him to register in either West Virginia or North Carolina because "(1) he would have been uncertain whether he would stay in North Carolina and (2) he would have had no North Carolina address to provide to the State Police prior to leaving West Virginia." (Id. at 3.)

Defendant raises two other arguments in support of his motion. First, he argues that the instant prosecution violates "basic fairness principals" [sic] because "he was compliant with the registration requirements for years prior to September 2013." (Id. at 4.) Defendant also alleges that his arrest in North Carolina was illegal because (1) he was not provided with a copy of the arrest warrant, and (2) there is "illegal collusion" between either the Circuit Court or prosecutor of Upshur County, West Virginia, and the federal government because, "although he was charged with failure to register in Upshur County, the failure to register case was given to the federal government instead, upon his return to West Virginia." (Id.)

### B. *Government's Response*

In response to Defendant's motion, the Government first states that "venue in a SORNA case

2

lies in either the jurisdiction in which the offense commenced or the jurisdiction in which the offense was completed." (Docket No. 22 at 2.) Accordingly, the Government argues, "[v]enue is equally proper in this district, in which [Defendant] committed the offense, as in a federal court in North Carolina, where he ultimately was arrested and his offense continued and was completed." (Id. at 3.) The Government next asserts that Defendant has failed to allege any facts or law in support of his argument that his instant prosecution violates the fundamental fairness principles of the Due Process Clause and that, in any event, "Defendant, at best, complied with West Virginia law for only 13 months" because he was first required to register in August 2011. (Id. at 3-4.)

With regards to Defendant's arguments that his arrest was illegal, the Government first states that he has failed to cite any law in support of his argument. (Id. at 4.) Nevertheless, the Government argues that to the extent Defendant is challenging the service of a State arrest warrant, the proper venue for such a challenge would be state court. (Id. at 5.) To the extent Defendant is challenging the timely service of the federal arrest warrant, the Government asserts it has complied with Fed. R. Crim. P. 4(d)(3)(A). (Id.) Finally, the Government alleges, Defendant's "illegal collusion" claim lacks merit because there is concurrent jurisdiction over offenses involving failure to register. (Id.)

## III. DISCUSSION

### A. *Proper Venue*

Venue in a federal criminal case lies in the state and district where the offense was "committed." U.S. Const. art. III, § 2, cl. 3; Fed. R. Crim. P. 18. To determine where an offense was "committed," a court must reference the criminal act proscribed by the statute in question. See Johnson v. United States, 351 U.S. 215, 220 (1956). If the statute provides no explicit guidance, the

location of the offense for purposes of venue "must be determine from the nature of the crime alleged and the location or of the act or acts constituting it." United States v. Anderson, 328 U.S. 699, 703 (1946).

Congress enacted the Sex Offender Registration and Notification Act ("SORNA") "to protect the public from sex offenders and offenders against children, and in response to the vicious attacks by violent predators" against seventeen named victims of sex crimes. 42 U.S.C. § 16901. SORNA "establishe[d] a comprehensive national system for the registration of [sex] offenders." Id. (alteration in original). Under SORNA, sex offenders, defined as "individual[s] who w[ere] convicted of . . sex offense[s]," id. (alterations in original), must register in each jurisdiction where they reside. 42 U.S.C. § 16913. 18 U.S.C. § 2250(a) criminalizes the knowing failure to register or update a registration under SORNA after traveling in interstate commerce. See United States v. Bridges, __ F.3d __, 2014 WL 279892, at *2 (4th Cir. Jan. 27, 2014). Thus, a convicted sex offender's act of interstate travel "serve[s] as a jurisdictional predicate for § 2250, [and] is also . . . the very conduct at which Congress took aim" in enacting SORNA. Carr v. United States, 560 U.S. 438, 454 (2010).

The Fourth Circuit Court of Appeals has not yet discussed venue with regard to violations of 18 U.S.C. § 2250(a) in a published opinion. In a recent unpublished opinion, United States v. Atkins, 498 F. App'x 276 (4th Cir. 2012) (per curiam), the Fourth Circuit noted that when violations of § 2250(a) involve more than one district, "venue is governed by 18 U.S.C. § 3237(a) (2006), which provides that 'any offense against the United States begun in one district and completed in another, or committed in more than one district, may be . . . prosecuted in any district in which such offense was begun, continued, or completed." Id. at 277; see also United States v. Stewart, 461 F.

4

App'x 349, 351-52 (4th Cir. 2012) (same) (per curiam); United States v. Burns, 418 F. App'x 209, 213 (4th Cir. 2011) (same); United States v. Sherman, 797 F. Supp. 2d 709, 711 (W.D. Va. 2011) (same). In Atkins, the defendant moved from North Carolina to Maryland, thereby triggering his obligation to register in Maryland. Atkins, 498 F. App'x at 277. As the Fourth Circuit noted, "Atkins's offense commenced when he moved from North Carolina, which gave rise to his obligation to register in Maryland, and was completed when he failed to register in Maryland." Id. Because Atkins began his offense by moving from the Middle District of North Carolina, the Fouth Circuit determined that venue was proper in that district. Id. (citing United States v. Leach, 639 F.3d 769, 771-72 (7th Cir. 2011); United States v. Howell, 552 F.3d 709, 717-18 (8th Cir. 2009)).

While Atkins, as an unpublished opinion, is not controlling, the undersigned does find it to be persuasive. Here, like in Atkins, Defendant's alleged offense involved more than one district because he traveled from the Northern District of West Virginia to North Carolina. Therefore, pursuant to 18 U.S.C. § 3237(a), his offense commenced when he left the Northern District of West Virginia. See Atkins, 498 F. App'x at 277; see also Leach, 639 F.3d at 771-72; Howell, 552 F.3d at 717-18. Accordingly, the undersigned finds that venue is proper in the Northern District of West Virginia, and recommends that Defendant's Motion to Dismiss the Indictment be **DENIED** as to his venue argument.

**B.     "Basic Fairness Principles"**

As noted above, Defendant alleges that his prosecution violates principles of "basic fairness" because he has been compliant with SORNA's requirements except for, allegedly, in September 2013. At the hearing, he also argued that the good he has accomplished in his life should outweigh his alleged recent failure to update his registration under SORNA. The undersigned construes

5

Defendant's argument to state that his alleged violation of 18 U.S.C. § 2250(a) should be "nullified" because of the good he has done. While evidence of the good that Defendant claims to have accomplished may be something he argues at sentencing if he is convicted of the instant offense, it provides no basis for dismissal of the Indictment. The United States Attorney's decision to seek an Indictment and pursue prosecution of Defendant falls within his "traditional prosecutorial duties." Nivens v. Gilchrist, 444 F.3d 237, 250 (4th Cir. 2006). Defendant's alleged incomplete compliance with SORNA does not prevent his prosecution for his alleged failure to update his registration as required. Accordingly, the undersigned recommends that Defendant's Motion to Dismiss the Indictment be **DENIED** as to his "basic fairness principles" argument.

## C. *"Illegal Arrest"*

As noted above, Defendant asserts that the Indictment against him should be dismissed because of "illegal collusion" between either the Circuit Court or Prosecuting Attorney for Upshur County, West Virginia, and the federal government. Counsel for Defendant indicated that he was originally charged with failure to register in a Criminal Complaint in state court in Upshur County. He was arrested in North Carolina on the State warrant issued for that Complaint. Upon his return to West Virginia, the Prosecuting Attorney for Upshur County continued his prosecution of Defendant for a drug distribution charge but decided not to pursue the failure to register charge. The State charges were dropped, and in December 2013, the instant federal Indictment was returned against Defendant.

The undersigned does not agree with Defendant that his arrest on the State warrant divested the federal government of jurisdiction to prosecute him for failing to update his registration pursuant to SORNA. The Supreme Court has noted that a "central tenet of federalism is concurrent

jurisdiction over many subjects." Lewis v. United States, 523 U.S. 155, 181 (1998). "One result of concurrent jurisdiction is that . . . citizens can be subject to the criminal laws of both state and federal sovereigns for the same act or course of conduct." Id. As to violations of SORNA, West Virginia retains jurisdiction over violations within its borders, see W. Va. Code § 15-12-1, et seq., while the United States retains jurisdiction over those violations involving interstate or foreign commerce, see 18 U.S.C. § 2250(a). Accordingly, the Prosecuting Attorney's decision to dismiss the State failure to register charge against Defendant in no way divested the United States of its ability to prosecute Defendant for a violation of 18 U.S.C. § 2250(a), and the undersigned recommends that Defendant's Motion to Dismiss the Indictment be **DENIED** as to his "illegal collusion" argument.

Defendant also argues that his arrest was illegal because he was not provided with a copy of the arrest warrant upon which his arrest was made. As mentioned above, Defendant was arrested on a State warrant. To the extent he is challenging service of that warrant, that issue has no bearing on his federal case. To the extent that Defendant is challenging receipt of the federal arrest warrant, Fed. R. Crim. P. 4(c)(3)(A) provides:

> A warrant is executed by arresting the defendant. Upon arrest, an officer possessing the original or a duplicate original warrant must show it to the defendant. If the officer does not possess the warrant, the officer must inform the defendant of the warrant's existence and of the offense charged and, at the defendant's request, must show the original or a duplicate original warrant to the defendant as soon as possible.

Defendant was brought before the Court on December 31, 2013, pursuant to a writ of habeas corpus *ad prosenquendum*,[1] for an initial appearance and arraignment. (Docket Nos. 7, 8, 9.) He was provided a copy of the Indictment at that time, thereby satisfying Fed. R. Crim. P. 4(c)(3)(A). Accordingly, the undersigned recommends that Defendant's Motion to Dismiss the Indictment be

---

[1]Defendant is currently serving a State sentence of 1-5 years. (Docket No. 13.)

**DENIED** as to his argument regarding receipt of the arrest warrant.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that Defendant's Motion to Dismiss the Indictment (Docket No. 17) be **DENIED**.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable John Preston Bailey, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to provide electronic notification of this Report and Recommendation to counsel of record.

DATED: *February 5, 2014*

_____
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE