# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

      v.                                                         **Criminal Action No. 2:13-cr-48**

**RONALD SNYDER,**
a/k/a Ronald McCarty,
      **Defendant.**

## ORDER/OPINION REGARDING PLEA OF GUILTY

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Ronald Snyder, in person and by counsel, Charles T. Berry, appeared before me on February 24, 2014. The Government appeared by Shawn Morgan, its Assistant United States Attorney. The Court determined that Defendant was prepared to enter a plea of "Guilty" to Count One of the Indictment.

The Court proceeded with the Rule 11 proceeding by first placing Defendant under oath.

The Court then inquired of Defendant whether he was a citizen of the United States. Defendant responded that he is a citizen. The undersigned asked Defendant whether he understood that if he were not a citizen of the United States, by pleading guilty to a felony charge he would be subject to deportation at the conclusion of any sentence; that he would be denied future entry into the United States; and that he would be denied citizenship if he ever applied for it. Defendant stated that he understood.

The Court then determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court then asked counsel for the Government to summarize the written Plea Agreement. Defendant stated that the agreement as summarized by counsel for the Government was correct and complied with his understanding of the agreement. The Court inquired whether this was the only offer made to Defendant, to which counsel

for the Government responded that an agreement containing a standard appellate waiver had previously been offered to and rejected by Defendant. The parties then agreed to modify the appellate waiver to allow Defendant to appeal the denial of his motion to dismiss with respect to his argument regarding venue. Counsel for Defendant indicated that the instant plea agreement was more favorable to Defendant than the one previously offered and that he had discussed both the instant plea agreement and the previous plea agreement with Defendant. The Court **ORDERED** the written plea agreement filed and found the requirements of Missouri v. Frye, 132 S. Ct. 1399 (2012), to be satisfied.

The Court next inquired of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that he voluntarily waived his right to have an Article III Judge hear and accept his plea and voluntarily consented to the undersigned Magistrate Judge hearing and accepting his plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Ronald Snyder, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning

by the Court. The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The undersigned then reviewed with Defendant Count One of the Indictment and the elements the Government would have to prove, charging him with failure to update his sex offender registration, in violation of 18 U.S.C. § 2250(a). The undersigned then reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charges contained in Count One of the Indictment, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to his competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charges pending against him and understood the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on Count One was imprisonment for a term of not more than ten (10) years; understood that a fine of not more than $250,000.00 could be imposed; understood that both fine and imprisonment could be imposed; understood he would be subject to a period of at least five (5) years of supervised release; and understood the Court would impose a special mandatory assessment of $100.00 for the felony conviction payable on or before the date of sentencing. Defendant also understood that his sentence could be increased if he had a prior firearm offense, violent felony conviction, or prior drug conviction. He also understood he might be required by the Court to pay the costs of his incarceration and supervised release.

The undersigned also reviewed with Defendant his waiver of appellate rights as follows:

Ct: Did you and Mr. Berry discuss that you have a right to appeal your conviction and sentence to the Fourth Circuit Court of Appeals by giving notice of intent to appeal within 14 days of sentencing?

Def: Yes, sir.

Ct. Did you and Mr. Berry discuss that you may file a motion under 28 U.S.C. § 2255 collaterally attacking or challenging your sentence and how that sentence is being carried out?

Def. Yes, sir.

Ct. Did you understand that that motion under 28 U.S.C. § 2255 is commonly called a writ of habeas corpus type motion?

Def. Yes, sir.

Ct. Did you understand that under paragraph 12 of your written agreement, the only basis upon which you reserve the right to appeal to the Fourth Circuit or to file a writ of habeas corpus motion under 28 U.S.C. § 2255 is to challenge the denial of your motion to dismiss for lack of venue?

Def. Yes, sir.

Ct. All other bases that you may have to challenge your conviction and sentence, either by direct appeal or collateral attack, you are waiving or giving up, is that correct?

Def. Yes, sir.

Ct. Was that a free, voluntary, knowing and intelligent decision on your part?

Def. Yes, sir.

Ct. You completely understood that paragraph numbered 12 in your written plea agreement when you signed the plea agreement on February 12th?

Def. Yes, sir.

Ct. And nothing has changed about your understanding of that provision in the last 12 days?

Def.   No, sir.

From the foregoing colloquy the undersigned determined that Defendant understood his appellate rights and knowingly gave up those rights pursuant to the condition contained in the written plea agreement.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant. The undersigned then inquired of Defendant regarding his understanding of the written plea agreement. Defendant stated he understood the terms of the written plea agreement and also stated that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement.

The undersigned Magistrate Judge further inquired of Defendant, his counsel, and the Government as to the non-binding recommendations and stipulation contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count One of the Indictment, the undersigned Magistrate Judge would write the subject Order and would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court. The undersigned advised the Defendant that the District Judge would adjudicate the Defendant guilty of the felonies charged under Count One of the Indictment. Only after the District Court had an opportunity to review the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject any recommendation or stipulation contained within the plea agreement or pre-sentence report. The undersigned reiterated to the Defendant that

5

the District Judge may not agree with the recommendations or stipulation contained in the written agreement. The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Court Judge refused to follow the non-binding recommendations or stipulation contained in the written plea agreement and/or sentenced him to a sentence which was different from that which he expected, he would not be permitted to withdraw his guilty plea. Defendant and his counsel each acknowledged their understanding and Defendant maintained his desire to have his plea of guilty accepted.

Defendant also understood that his actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned also advised, and Defendant stated that he understood, that the Sentencing Guidelines are no longer mandatory, and that, even if the District Judge did not follow the Sentencing Guidelines or sentenced him to a higher sentence than he expected, he would not have a right to withdraw his guilty plea.. Defendant further understood there was no parole in the federal system, although he may be able to earn institutional good time, and that good time was not controlled by the Court, but by the Federal Bureau of Prisons.

Thereupon, Defendant, Ronald Snyder, with the consent of his counsel, Charles T. Berry, proceeded to enter verbal pleas of **GUILTY** to the felony charges in Count One of the Indictment.

The Court would generally hear the testimony of a Government witness at this point in the hearing to support an independent basis in fact for the guilty plea. In this case, the parties agreed that the Government would provide a proffer to provide that independent basis in fact. The Government proffered that under West Virginia law, Defendant is required to register as a sex offender and update that registration for life because of his 2011 conviction in Upshur County, West Virginia, for third-degree sexual assault. Defendant last registered in West Virginia on September 17, 2012. Under

West Virginia law, Defendant was required to update his registration in the month of his birth; accordingly, he was required to update his registration in September 2013. Defendant failed to update his registration then, and troopers from the West Virginia State Police conducted several home visits to Defendant's last registered address at 4D Maple Village in Buckhannon, West Virginia. Those premises were vacant. On October 3, 2013, troopers obtained a Criminal Complaint against Defendant in the Circuit Court for Upshur County. Defendant was arrested in the Eastern District of North Carolina on November 26, 2013, and at that time, the State requested that the federal Government assume prosecution of this case. Defendant had moved to North Carolina with a girlfriend in early September 2013 as shown by withdrawals that occurred in the Eastern District of North Carolina from their shared bank account. Interviews with deputy United States Marshals in North Carolina also indicated that Defendant was living and working in North Carolina. Defendant never registered as a sex offender in North Carolina and never updated his registration in West Virginia to indicate that he was planning a move to North Carolina.

Defendant stated he heard, understood, and did not disagree with the Government's proffer. The undersigned United States Magistrate Judge concludes the offenses charged in Count One of the Indictment are supported by an independent basis in fact concerning each of the essential elements of such offenses. That independent basis is provided by the Government's proffer. Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear and accept his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing and accepting his plea; Defendant understood the charges against him, not only as to the Indictment as a whole, but in particular as to Count One

of the Indictment; Defendant understood the consequences of his plea of guilty, in particular the maximum statutory penalty to which he would be exposed for each count; Defendant understood the sentences could be imposed to run consecutively; Defendant made a knowing and voluntary plea of guilty to Count One of the Indictment; and Defendant's plea is independently supported by the Government's proffer which provides, beyond a reasonable doubt, proof of each of the essential elements of the charges to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore **ACCEPTS** Defendant's plea of guilty to Count One of the Indictment and recommends he be adjudged guilty on said charges as contained in Count One of the Indictment and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

At the conclusion of the hearing, Defendant requested that instead of being returned to the custody of the State of West Virginia to continue serving his State sentence, he be remanded to the custody of the United States Marshal. The Court **GRANTED** that request. Accordingly, it is **ORDERED** that:

1. The defendant be, and he is hereby remanded to the custody of the United States Marshal pending further proceedings in this case;

2. The defendant be confined in a facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

3. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel; and

4. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

The Clerk of the Court is directed to send a copy of this Order/Opinion to counsel of record as well as all appropriate agencies.

DATED: February 25, 2014

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE