**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
Elkins

**UNITED STATES OF AMERICA**,

        Plaintiff,

    v.                                                       **Criminal No. 2:13-CR-48**
                                                                              Judge Bailey

**RONALD SNYDER**,

        Defendant.

**ORDER OVERRULING DEFENDANT'S
OBJECTION TO REPORT AND RECOMMENDATION**

Pending before this Court is Defendant's Objection to Report and Recommendation [Doc. 27], filed by defendant Ronald Snyder. Mr. Snyder was indicted by the Grand Jury on December 17, 2013. The one-count Indictment charges as follows:

(Failure to Update Sex Offender Registry)

From a date unknown on or about September 1, 2013, to on or about November 26, 2013, at or near Buckhannon, Upshur County, West Virginia, within the Northern District of West Virginia and elsewhere, defendant, Ronald Snyder a/k/a "Ronald McCarty", a person required to register under the Sex Offender Registration and Notification Act ["SORNA"], and who traveled in interstate commerce, did knowingly fail to update a registration, IN VIOLATION OF TITLE 18, UNITED STATES CODE SECTION 2250(a).

1

Subsequent to the defendant's arrest on the federal charges, the defendant filed Defendant's Initial Pretrial Motions [Doc. 17], which included a motion to dismiss the Indictment based upon improper venue. The Government filed its Response to the pretrial motions [Doc. 22], and a hearing was held before Magistrate Judge John S. Kaull on February 4, 2014 [Doc. 23]. On February 5, 2014, Magistrate Judge Kaull issued his Report and Recommendation recommending that the defendant's Motions be denied.

The defendant subsequently entered into a conditional plea agreement, pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure, reserving the right to appeal only with respect to the denial of his motion to dismiss for lack of venue [Doc. 34]. The defendant has since entered into a plea of guilty pursuant to the plea agreement [Doc. 35].

On February 19, 2014, the defendant filed his Defendant's Objection to Report and Recommendation [Doc. 27]. In his Objection, the defendant argues that his duty under West Virginia law was to register ten days prior to an actual change of address, that any failure to register in West Virginia occurred prior to his move to North Carolina, and that since the alleged violation occurred before he traveled in interstate commerce, there is no interstate nexus for a SORNA violation.

In order to properly frame this issue, a review of the applicable statutes is beneficial.

Title 18, United States Code § 2250(a) provides:

(a) In general.--Whoever--

(1) is required to register under the Sex Offender Registration and Notification Act;

(2)(A) is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law

2

(including the Uniform Code of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States; or

(B) travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and

(3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;

shall be fined under this title or imprisoned not more than 10 years, or both. 18 U.S.C. § 2250(a).

In addition, 42 U.S.C. § 16913 provides, in part:

(a) In general

A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student. For initial registration purposes only, a sex offender shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence.

. . .

(c) Keeping the registration current

A sex offender shall, not later than 3 business days after each change of name, residence, employment, or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a) of this section and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry. That jurisdiction shall immediately provide that

information to all other jurisdictions in which the offender is required to register.

42 U.S.C. § 16913.

This Court notes that a split has developed in the courts as to whether a person subject to SORNA has an obligation to update his or her registration in the jurisdiction from which he or she has moved when that person moves to another state. For example, in **United States v. Van Buren**, 599 F.3d 170 (2d Cir. 2010), the Second Circuit affirmed the conviction of a man who was registered in New York, then moved to North Carolina, without updating his information with the New York sex offender registry or registering in North Carolina. The court stated that under SORNA, "it is clear that a registrant must update his registration information if he alters his residence such that it no longer conforms to the information that he earlier provided to the registry. Without accurate registration information, SORNA would be ineffective." *Id.* at 175.

The Second Circuit also explained that in enacting SORNA, Congress intended to establish a nationwide system requiring the registration of sex offenders, to ensure that "sex offenders could not avoid all registration requirements just by moving to another state." *Id.* (quoting **United States v. Guzman**, 591 F.3d 83, 91 (2d Cir. 2010)).

Similarly, in **United States v. Howell**, 552 F.3d 709 (8th Cir. 2009), the Eighth Circuit noted that an Iowa registeree who moved to Texas was required to update his registration in Iowa. This portion of the holding was later abrogated in **United States v. Lunsford**, 725 F.3d 859 (8th Cir. 2013). *See infra*. Also, in **United States v. Voice**, 622 F.3d 870 (8th Cir. 2010), the Eighth Circuit stated in a footnote that "**United States v. Van**

***Buren,*** 599 F.3d 170, 172–75 (2d Cir. 2010), affirmed a jury instruction that an updated registration is required if a sex offender leaves his registered residence with no intent to return. Though no such instruction was requested in this case, we agree with the Second Circuit's analysis of the statute's language and apparent intent." 622 F.3d at 875, n.2.

In ***United States v. Whaley***, 577 F.3d 254 (5th Cir. 2009), the Fifth Circuit noted that the defendant admitted to "having moved from Kansas to Texas between April 2007 and March 2008 without registering as a sex offender in Texas or updating his registration in Kansas." 577 F.3d at 256.

The Seventh Circuit, in ***United States v. Leach***, 639 F.3d 769 (7th Cir. 2011), affirmed a case in which the defendant had moved from Indiana to South Carolina without promptly notifying government officials in either state. The Court stated:

> As a preliminary matter, the district court correctly concluded that venue was proper in the Northern District of Indiana even though Leach was arrested in South Carolina. Some may find this surprising, since the Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed. . .." U.S. Const. amend. VI. For purposes of SORNA, however, a sex offender violates the statute only when he travels across state lines and fails to register. See ***Carr v. United States****,* [560 U.S. 438, 454] (2010) (observing that the "act of travel" is more than a "jurisdictional predicate" for § 2250, it is "the very conduct at which Congress took aim"). Federal law says that any offense "begun in one

> district and completed in another, or committed in more than one district," may be prosecuted "in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a). **SORNA required Leach to update his registration with Indiana authorities when he left the state**, see § 16913(c), and register with South Carolina authorities when he established a residence there, see § 16913(a). Venue was proper in Indiana, as it would have been in South Carolina if the government had opted to prosecute there. See *United States v. Howell,* 552 F.3d 709, 718 (8th Cir. 2009).

639 F.3d at 771–72 (emphasis added).

The Tenth Circuit, in *United States v. Murphy*, 664 F.3d 798 (10th Cir. 2011), held that "even if an offender abandons his current residence and job with the intention of moving out of the country, he must update his registration to reflect his new status." 664 F.3d at 799.

In an unpublished decision, the Fourth Circuit rejected the argument that a transient who moves to another state need not register in the new state until he establishes a permanent residence, stating:

> In effect, Bruffy's argument would reduce to a nullity the statutory obligation of a transient offender to update his SORNA registration. The act of labeling oneself as a transient upon departing a particular state does not provide an offender a license to relocate to an unspecified location. Contrary to the form that he had filed with the Florida authorities, Bruffy was not transient in

> Edgewater, Maryland, nor had he ever been by the time he was arrested on February 15, 2009. Thus, Bruffy was required to update his registration information, because his residence no longer conformed to the information he earlier had provided to the SORNA registry. *See* **Van Buren**, 599 F.3d at 175. Instead, in violation of this registration updating requirement, Bruffy had terminated his Florida residence and had not provided accurate information regarding his whereabouts for an entire month, effectively evading the requirements of SORNA.

**United States v. Bruffy**, 466 Fed. Appx. 239, 245–46 (4th Cir. Feb. 16, 2012) (unpublished).

On the other hand, several recent decisions have determined that an offender has no obligation to update his or her registration in the state from which he or she has moved, including **United States v. Lunsford**, 725 F.3d 859, 861–62 (8th Cir. 2013) ("There is thus no textual basis for requiring an offender to update his registration in a jurisdiction where he formerly 'resided,' and where he is not currently an employee or a student. Missouri was not a 'jurisdiction involved' after Lunsford changed his residence to somewhere in the Philippines, so Lunsford was not required by the federal statute to update the Missouri registry."); **United States v. DeJarnette**, 741 F.3d 971, 985 (9th Cir. 2013) ("[W]e are not persuaded by the government's argument that other circuits treat the jurisdiction from which an offender departs as a 'jurisdiction involved' under SORNA."); and **United States v. Bailey**, 2014 WL 534193 at *4 (S.D. W.Va. Feb. 10, 2014) (Johnston, J.) ("[T]he Court rejects the Government's contention that Defendant's criminal culpability includes a duty

7

to notify West Virginia of his change in residence after he relocated to Columbus, Ohio.").

This Court believes that the resolution of this conflict lies in the statute (always a good place to start). 42 U.S.C. § 16913 imposes a duty on an offender to "appear in person in at least 1 jurisdiction involved" and register or update his or her registration. The wording of this statute presupposes that more than one jurisdiction is involved. If Congress meant to require that the registration were required in only the new jurisdiction after an interstate move, then the language concerning "at least 1 jurisdiction involved" would be surplusage and meaningless. "General principles of statutory construction require a court to construe all parts to have meaning and to reject constructions that render a term redundant. *See **Reiter v. Sonotone Corp.***, 442 U.S. 330, 339 (1979) (where the Supreme Court explained that a court is 'obliged to give effect, if possible, to every word'); ***Platt v. Union Pacific R.R. Co.****,* 99 U.S. 48, 58–59 (1878) (if a construction renders a term redundant, that is a reason for rejecting that construction); ***Virginia v. Browner,*** 80 F.3d 869, 877 (4th Cir. 1996) (a court should not 'construe a statute in a manner that reduces some of its terms to mere surplusage'); ***United States v. Snider***, 502 F.2d 645, 652 (4th Cir. 1974) (all parts of a statute must be construed so that each part has meaning)." ***PSINet, Inc. v. Chapman***, 362 F.3d 227, 232 (4th Cir. 2004). *See also **United States v. Whitfield***, 695 F.3d 288, 308 (4th Cir. 2012); ***In re Total Realty Management, LLC***, 706 F.3d 245, 251 (4th Cir. 2013).

A construction requiring an offender to update his registration in the state from which he or she moved is also consonant with the purpose of SORNA. As noted in ***United States v. Howell***, 552 F.3d 709 (8th Cir. 2009):

8

We believe Congress enacted SORNA to track the interstate movement of sex offenders. The language of § 16913 evidences Congress's focus on monitoring this interstate movement of sex offenders by emphasizing the movement of sex offenders from jurisdiction to jurisdiction. The statute requires sex offenders to "register, and keep the registration current, in *each jurisdiction*" where the offender lives, works, or goes to school. 42 U.S.C. § 16913(a) (emphasis added). Subsection (c) focuses on the movement of sex offenders by requiring the offenders to update registration "in at least 1 jurisdiction" within three days of a change identified in subsection (a). 42 U.S.C. § 16913(c). Finally, the statute is concerned with interjurisdictional reporting of sex offender movement by requiring the jurisdiction where the offender updates his or her registration to notify "all other jurisdictions" where the offender must register. *Id.* This language indicates Congress wanted registration to track the movement of sex offenders through different jurisdictions.

552 F.3d at 716.

The Eighth Circuit further explained:

When § 16913 is analyzed in relation to the purpose of SORNA, it is evident § 16913 is an "appropriate aid[ ] to the accomplishment" of tracking the interstate movement of sex offenders. *See* [***United States v.***] ***Darby***, 312 U.S. [100,] 121 [(1941)]. The requirements of § 16913 help establish a system by which the government can monitor the location and travels of sex offenders. Although § 16913 may reach a wholly intrastate sex offender for

9

registry information, § 16913 is a reasonable means to track those offenders if they move across state lines. In order to monitor the interstate movement of sex offenders, the government must know both where the offender has moved and where the offender originated. Without knowing an offender's initial location, there is nothing to ensure the government would know if the sex offender moved. The registration requirements are reasonably adapted to the legitimate end of regulating "'persons or things in interstate commerce'" and "'the use of the channels of interstate commerce.'" [*United States v.*] *May*, 535 F.3d [912,] 921 [(8th Cir. 2008)] (quoting [*United States v.*] *Lopez*, 514 U.S. [549,] 558–59 [(1995)]).

Based on the foregoing, this Court finds that it is a crime for an offender required to register to move in interstate commerce and change his or her residence without registering in the new state or updating his or her registration in the state from which the offender moved.

Given this Court's construction of the statute, it is clear that venue is proper in the Northern District of West Virginia. In ***United States v. Stewart***, 461 Fed. Appx. 349 (4th Cir. Jan. 18, 2012) (unpublished), the Fourth Circuit decided:

> Venue lies in the state and in the district where the offense at issue was "committed." U.S. Const. art. III, § 2, cl. 3; Fed. R. Crim. P. 18. A determination of where an offense is "committed" is to be made with reference to the criminal act proscribed by the statute. ***Johnston v. United States***, 351 U.S. 215, 220 (1956). If the statute does not provide explicit

guidance, the location of the offense for venue purposes "must be determined from the nature of the crime alleged and the location of the act or acts constituting it." **United States v. Anderson,** 328 U.S. 699, 703 (1946).

Stewart's violation of § 2250(a) necessarily involved more than one district because he traveled interstate from Virginia to Kentucky, where he failed to register. In such a situation, venue is governed by 18 U.S.C. § 3237(a) (2006), which states that "any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." Stewart's offense began in Virginia because his move from that state gave rise to his duty to register in Kentucky, where his offense was completed when he failed to register. 42 U.S.C.A. § 16913(c). Because Stewart's offense began when he moved from the Western District of Virginia, thereafter failing to register in Kentucky, venue was proper in the Western District of Virginia. *See, e.g.*, **United States v. Howell,** 552 F.3d 709, 717–18 (8th Cir. 2009) (holding that venue for a failure-to-register prosecution was proper in the Northern District of Iowa, from which the defendant moved to Texas where he failed to register). Accordingly, Stewart's venue argument is without merit.

461 Fed. Appx. at 351–52.

This holding was reaffirmed by the Fourth Circuit in **United States v. Atkins**, 498

Fed. Appx. 276, 277 (4th Cir. Dec. 3, 2012) (unpublished). *See also* **Leach**, 639 F.3d at 771–72, quoted above.

For the reasons stated above, Defendant's Objection to Report and Recommendation **[Doc. 27]** is **OVERRULED**. Defendant's Initial Pretrial Motions **[Doc. 17]** are **DENIED**, and the Report and Recommendation **[Doc. 23]** issued by Magistrate Judge John S. Kaull is **ADOPTED**.

It is so **ORDERED**.

The Clerk is directed to transmit a copy of this Order to counsel of record herein.

**DATED:** April 11, 2014.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE